**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**JENNIFER MOORE,** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 5:18-cv-05237-TLB-ELW**

**LIBERTY LIFE ASSURANCE**
**COMPANY OF BOSTON,** **DEFENDANT**

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AT LAW

Defendant Liberty Life Assurance Company of Boston ("Liberty Life") files this Answer to Plaintiff's Complaint at Law (the "Complaint"), filed by Plaintiff Jennifer Moore and states as follows:

1. Liberty Life is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Liberty Life denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Liberty Life admits that it is licensed to conduct business in the State of Arkansas. Liberty Life further admits that HD Supply, Inc. ("HD Supply") sponsored the HD Supply, Inc. Long Term Disability Plan ("the LTD Plan") to provide long term disability benefits to certain of its employees and that the LTD Plan is an employee benefit plan as defined by ERISA. Liberty Life further admits that it issued a Group Disability Income Policy (the "Policy") to HD Supply, which, at certain times, insured benefits from the LTD Plan. Liberty Life denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Liberty Life admits Plaintiff was, at certain times, employed by HD Supply and a participant in the LTD Plan. Liberty Life further admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, which is an employee benefit plan as

defined by ERISA, but Liberty Life denies Plaintiff is entitled to any such relief or recovery. Liberty Life further admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Liberty Life admits this Court has jurisdiction over this action and that venue of this action is proper in this Court. Liberty Life denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Liberty Life admits Plaintiff was, at certain times, employed by HD Supply in its Tontitown, Arkansas, store and that Plaintiff's last day of work was on or about September 16, 2016. Liberty Life further admits the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, but refers to the Policy itself as the best evidence of its contents. Liberty Life further admits Plaintiff submitted a claim for benefits from the LTD Plan under the Policy. Liberty Life denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Liberty Life admits that it sent a letter dated November 30, 2017, to Plaintiff, and Liberty Life refers to the letter itself for the best evidence of its contents. Liberty Life further admits that Plaintiff's last day of work was on or about September 16, 2016, and that Plaintiff received, at certain times, benefits from the LTD Plan under the Policy. Liberty Life denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Liberty Life admits that it received an appeal from Plaintiff of the termination of benefits. Liberty Life further admits that it sent a letter dated May 2, 2018, to Plaintiff, and Liberty Life refers to the letter itself for the best evidence of its contents. Liberty Life further admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Liberty Life denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Liberty Life admits the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, but refers to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 7 seek to interpret the provisions of the Policy, Liberty Life refers to the documents governing the Policy as the best evidence of their contents. Liberty Life further admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for long term disability benefits from the LTD Plan under the Policy was determined, and Liberty Life refers to these documents themselves as the best evidence of the contents. Liberty Life denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Liberty Life admits the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, but

refers to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 8 seek to interpret the provisions of the Policy, Liberty Life refers to the documents governing the Policy as the best evidence of their contents. Liberty Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. To the extent that the allegations contained in Paragraph 9 seek to interpret the provisions of the Policy, Liberty Life refers to the documents governing the Policy as the best evidence of their contents. Liberty Life denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Liberty Life denies all allegations contained in Paragraph 10 of the Complaint and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Liberty Life denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for long term disability benefits from the LTD Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Liberty Life is subject to offset pursuant to the terms of the LTD Plan under the Policy, resulting from Plaintiff's receipt of benefits or other income, including, but not limited to, income earned by Plaintiff and the

disability benefits Plaintiff received from the Social Security Administration on his Plaintiff's or Plaintiff's dependent(s)'s behalf.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Liberty Life reserves the right to assert additional defenses.

**PRAYER**

Liberty Life requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Liberty Life be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Liberty Life be awarded such other and further relief to which it may show itself entitled.

Dated the 1st day of February 2019.

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Arkansas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Timothy J. Myers, Esq.
Email: tmyers@taylorlawpartners.com

| | |
|---|---|
| February 1, 2019 | /s/ Iwana Rademaekers |
| Date | Iwana Rademaekers |